IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-06-347 |
| | § | CIVIL ACTION NO. H-16-1928 |
| HULON JAMES LOUDD, | § | |
| | § | |
| Defendant-Movant | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. §2255 is Movant Hulon James Loudd's §2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 207),[1] and the United States' Response (Document No. 213). After reviewing the parties' submissions, the record of the proceedings before the District Court in the underlying criminal case and on appeal, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant's §2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 207) be DENIED.

**I.     Procedural History**

Movant Hulon James Loudd ("Loudd"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. §2255. This is Loudd's second attempt at §2255 relief. The Fifth Circuit Court of Appeals authorized the filing of a successive motion. (Document No. 208).

---

[1] Hulon James Loudd's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-16-1928 and at Document No. 207 in Criminal Action No. H-06-247. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

On September 28, 2006, Loudd was charged by Indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). (Document No. 1). The Indictment states in pertinent part that Loudd had sustained "three previous convictions for a violent felony, serious drug offense, or both, committed on occasions different from each other." (Document No. 1). A jury convicted Loudd on July 25, 2007. (Document No. 133). Prior to sentencing, a pre-sentence investigation report ("PSR"). (Document No. 144). Loudd filed written objections. (Document Nos. 142, 148). The PSR assigned Loudd a base offense level of 33 under U.S.S.G. § 4B1.4(b)(3)(B). With an offense level of 33, and a criminal history category of VI, Loudd had an advisory guideline sentencing range of 235 to 293 months. On December 14, 2007, Loudd was sentenced to a term of imprisonment of 235 months, to be followed by a 5 year term of supervised release. (Document No. 151, Transcript of Sentencing Hearing, Document No. 183, pp. 21-26). Judgment was entered on December 20, 2007. (Document No. 157). Loudd appealed his conviction to the Fifth Circuit Court of Appeals. (Document No. 159). Unpersuaded by Loudd's arguments, the Fifth Circuit affirmed Loudd's conviction and sentence on January 20, 2009. (Document No. 188, 189). On May 26, 2009, the United States Supreme Court denied Loudd's Petition for Writ of Certiorari. (Document No. 191).

Loudd timely filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 197). Loudd raised a claim of ineffective assistance of appeallate counsel. On June 17, 2011, the undersigned Magistrate Judge entered a Memorandum and Recommendation, which recommended that Loudd's § 2255 Motion be denied because his ineffective assistance of appellate counsel claim was without merit. (Document No. 202). In an Order entered on September 20, 2012, Judge Harmon adopted the Memorandum and Recommendation and denied Loudd's § 2255 Motion. (Document No. 206).

On June 27, 2016, Loudd filed the instant § 2255 Motion. (Document No. 207). On July 29, 2016, the Fifth Circuit Court of Appeals granted Loudd authorization to file a successive § 2255 Motion. (Document No. 208).

## II. Discussion

Loudd, relying on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016), argues that he is no longer an armed career criminal and that is conviction unconstitutional. Loudd argues that this three prior convictions no longer qualify as violent felonies under the ACCA. The Government responds that Loudd's three prior convictions for aggravated robbery law did not fall under the residual clause of the ACCA, which the Supreme Court struck down in *Johnson* as unconstitutionally vague. The Government argues that Loudd's three 1991 Texas convictions for aggravated robbery qualified as violent felonies under the ACCA because each had as an element the use, attempted use, or threatened use of force against another person. The Government has moved to dismiss Loudd's *Johnson* claim because the Supreme Court's decision in *Johnson* does not affect Loudd's sentence. The Magistrate Judge agrees.

Federal law prohibits felons from possessing firearms. *See* 18 U.S.C. § 922(g)(1). This offense is generally punishable by up to 10 years' imprisonment, *see* 18 U.S.C. § 924(a)(2), but under that Armed Career Criminal Act ("ACCA" or "Act"), a felon in possession of a firearm who has three previous convictions for violent felonies or serious drug offenses *may* be imprisoned for life, and *must* be imprisoned for 15 years, *see* 18 U.S.C. § 924(e). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use or physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves

conduct that presents a serious potential risk of physical injury to another."18 U.S.C. § 924(e)(2)(B). The last part of the definition, "otherwise involves conduct that presents a serous potential risk of physical injury to another" has been known as the residual clause. *Johnson*, 135 S.Ct. at 2556. In *Johnson*, the Supreme Court determined that the definition of "violent felony" under the residual clause of the ACCA is unconstitutionally vague and that imposing an increased sentence under the residual clause of the ACCA violates a defendant's right to due process. The holding in *Johnson* applies only to the residual clause definition of "violent felony. The Supreme Court made clear that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony." *Id.* at 2563. On April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1260-68 (2016). Since them, various other provisions of 18 U.S.C. § 924, including § 924(c), and provisions of the United States Sentencing Guidelines, have been challenged on the same due process grounds as that in issue in *Johnson*. While the Supreme Court has yet to address the due process challenges to like-worded *statutory* provisions, in *Beckles v. United States*, ___S.Ct.___, 2017 WL 855781 at *6 (U.S. Mar. 6, 2017), the Supreme Court held that the type of due process, void for vagueness challenges at issue in *Johnson* could not be made to like-worded provisions of the Sentencing Guidelines. The Court in *Beckles* wrote:

> This Court has held that the Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."*Johnson,* 576 U.S., at ——–——, 135 S.Ct., at 2556 (citing *Kolender v. Lawson,* 461 U.S. 352, 357–358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). Applying this standard, the Court has invalidated two kinds of criminal laws as "void for vagueness": laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses. *Id.,* at 357, 103 S.Ct. 1855. For the latter, the Court has explained that "statutes fixing sentences," *Johnson, supra,* at ——, 135 S.Ct., at 2557 (citing *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979)), must specify the range of

available sentences with "sufficient clarity," *id.,* at 123, 99 S.Ct. 2198; *see also United States v. Evans,* 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); cf. *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966).

In *Johnson*, we applied the vagueness rule to a statute fixing permissible sentences. The ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. That requirement thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. *See Alleyne v. United States,* 570 U.S. ——, ——, 133 S.Ct. 2151, 2160–2161, 186 L.Ed.2d 314 (2013) (describing the legally prescribed range of available sentences as the penalty fixed to a crime).

Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 2017 WL 855781, at *5–6.

Here, at issue, are whether Loudd's three 1991 Texas state convictions for aggravated robbery with use of deadly weapon, have as an element "the use, or threatened use of physical force against a person of another." § 924(e)(2)(B)(i). Under Texas law, aggravated robbery incorporates the elements of the elements of the lesser offense of robbery. Tex. Penal Code Ann. § 29.03(a). The statute provides that a person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." A person commits "aggravated robbery" if "he (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is: (A) 65 years of age or older; or (B) a disabled person." *Id.* § 29.03 (1991); *Burton v. State of Texas*, 510 S.W.3d 232, 236 (Tex. Crim. App. 2017). Because the statute at issue,

"sets out one or more elements of the offense in the alternative," it is known as a "divisible statute." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013); *see also Mathis v. United States*, 136 S.Ct. 2243 (2016). In making this determination under a categorical or modified categorical approach, the Supreme Court instructs courts to look to a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249; *see also Shepard v. United States*, 544 U.S. 13, 26 (2005)(indicating the limited documents include the charging instrument, the plea agreement and colloquy, and "some comparable judicial record." The particular facts underlying those convictions are not considered. *Id.* at 2283 (internal quotation marks and citation omitted).

Applying the modified categorical approach to Loudd's three Texas aggravated robbery convictions, the court has considered the following documents attached to the Government's Response. (Document No. 213, Exhibit A-C). The documents include the charging document and judgment for Cause No. 607571, Cause No. 607833, and Cause No. 607834. Each criminal information states in pertinent part that Loudd, on or about August 23, 1991, "did then and there unlawfully, while in the course of committing theft of property owned by [victim's name] and with intent to obtain and maintain control of the property, intentionally and knowingly threaten an place [victim's name] in fear of imminent bodily injury and death, and the Defendant then and there use and exhibit a deadly weapon, to wit, a firearm." (Document No. 213, Exhibits A-C). Each judgement of conviction reveals that Loudd waived his right to a jury trial and plead guilty to aggravated robbery with use of a deadly weapon. (Document No. 213, Exhibits A-C). The Fifth Circuit has not decided whether aggravated robbery by threat or placing in fear qualifies as a predicate offense under the use of force clause of the ACCA. In two cases, *United States v. Davis,* 487 F.3d 282, 284-287 (5th Cir. 2007), and *United States v. Gore*, 636 F.3d 728 (5th Cir. 2011), the

Fifth Circuit held that aggravated robbery and/or conspiracy to commit aggravated robbery qualified as violent felonies for purposes of the ACCA under the residual clause. However, two district courts in the Southern District of Texas, have held post-*Johnson*, that the Texas robbery statute constitutes a violent felony for ACCA purposes. *see United States v. Garza*, Civil No. 1:16-CV-10, Crim. No. 2:-4-CR-269, 2017 WL 318861 (S.D.Tex. Jan. 23, 2017); *United States v. Roman*, Crim. No.H- 92-160, Civ. No. H- 16-1923, 2016 WL 7388388 (S.D.Tex. Dec. 20, 2016); *but see United States v. Fennell,* Crim. No. 3:15-CR-433-L(01), 2016 WL 4491728 (N.D.Tex. Aug. 25, 2016). Because the Texas aggravated robbery statute incorporates the elements of the robbery statute, it follows that aggravated robbery also constitutes a violent felony for purposes of the ACCA. Aggravated robbery requires the defendant to "intentionally or knowingly threaten[] or place[] another in fear of imminent bodily injury or death," it "has as an element the use, attempted use, or threatened use of physical force against the person as another" as that term is used under 18 U.S.C.§ 924(e)(2)(B)(i). *see Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011)(The plain language of Tex. Penal Code § 20.03(a)(2) "encompasses not just explicit threats, but whatever implicit threats my lead to the victim being placed in fear. So long as the defendant's actions are of such nature as in reason and common experience is likely to induce a person to part with his property against his will, any actual or perceived threat of imminent bodily injury will satisfy this element of the offense."). Thus Loudd's three 1991 Texas aggravated robbery convictions were a "violent felony" under the force-clause for purposes of the ACCA.

Here, as argued by the Government, *Johnson* does not directly or indirectly apply to Loudd's conviction and/or sentence. None of the provisions that Loudd was convicted and sentenced include language that is similar or identical to the residual clause of the ACCA–the only provision that *Johnson* found to be unconstitutional or any arguable extension based on *Johnson*. Thus Loudd has

not stated a viable challenge to his conviction/sentence based on *Johnson*.

### III. Conclusion and Recommendation

Based on the foregoing, it is

RECOMMENDED that Movant Hulon James Loud's §2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 207) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. §636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 19th day of April, 2017.

Frances H. Stacy
United States Magistrate Judge